E-FILED
Wednesday, 29 July, 2015 04:08:46 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRYAN CHUMBLEY,
    Plaintiff,

v.

BOARD OF EDUCATION FOR
PEORIA DISTRICT 150,
    Defendant.

Case No. 1:14CV01238

## Order

Before the Court is the Defendant Board of Education for Peoria District 150's (Board) assertion of attorney-client privilege as it relates to portions of transcripts of executive session meetings and the Plaintiff Bryan Chumbley's (Chumbley) challenge to that assertion of privilege.

**I**

On July 14, 2015, the parties contacted the Court and requested a conference concerning a discovery dispute, such request being done pursuant to this Court's policy of requiring parties to request such a conference prior to filing any written motion related to a discovery dispute. This Court held said conference on July 15, 2015.

At that conference, the parties informed the Court that a dispute existed about the Board's refusal to produce certain executive session meeting transcripts based upon its assertion of the attorney-client privilege. The parties agreed that the dispute could be resolved by: the Board providing a privilege log to the Court and to Chumbley; the Board providing the Court with the transcripts of the executive session meetings for *in camera* review; and this Court

1

making a determination of whether the attorney-client privilege does or does not apply as asserted by the Board.

The Court has now received and reviewed the transcripts, as well as having reviewed the filings made by both parties related to this matter. (D. 32; D. 33).

## II

The general principles governing the attorney-client privilege in the Seventh Circuit are well established. *United States v Evans*, 113 F3d 1457, 1461 (7th Cir 1997). Assertion of the privilege requires a showing that:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) that the communication is related to that purpose, (4) was made in confidence (5) by the client, (6) and at the client's instance were to be permanently protected (7) from disclosure by himself or by the legal adviser, (8) except when the protection be waived.

Id (citing 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2292 (John T. McNaughton rev. 1961)). The party asserting the privilege bears the burden of establishing all of these elements. *United States v BDO Seidman*, 337 F3d 802, 811 (7th Cir 2003).

The mere presence of an attorney at a Board meeting does not render everything said at such a meeting subject to the attorney-client privilege. See *Sandholm v Dixon Public School Dist,* 2010 WL 899032 *4 (ND Ill), citing *Kodish v Oakbrook Terrace Fire Dist,* 235 FRD 447, 454 (ND Ill 2006). On the other hand, discussion by Board members of legal advice sought and obtained from counsel at a Board meeting can fall within the privilege, as they should be able to discuss the legal advice rendered to them by their counsel without waiving the privilege. See for example *Sandholm* at *4. In other words, not protected by the attorney-client privilege is a discussion by a Board of an issue where its counsel is present,

but counsel's legal advice is neither sought nor offered on that issue. Conversely, if counsel's advice is sought or offered on an issue, then the Board's discussion of the advice as it relates to the issue is subject to the privilege. With these principles in mind, the Court turns to the transcripts at issue in this case.

### III

### A

The Board asserts privilege applies to the complete transcript of the October 9, 2012 executive session meeting. The Court finds that although the privilege applies to a substantial portion of the transcript, it does not apply to the entire transcript. Specifically:

| Lines 1-67, 71-154, 166-179, 181-242, 351-432 | No legal advice sought, offered, or discussed | Not privileged |
| Lines 68-70, 155-165, 180, 243-350, 433-505 | Legal advice sought, offered, or discussed | Privileged |

### B

The Board asserts privilege applies to Lines 129-134 of the January 28, 2013 executive session meeting. The Court finds that the privilege does not apply to these lines. Only once in the entire transcript does the Board's counsel speak and, in that instance, he asks only a brief question. This question does not constitute "legal advice," and the Court cannot discern how the Board's discussion after the question can in any way be interpreted as discussion of "legal advice."

### C

The Board asserts privilege applies to Lines 19-23, 29-32 of the March 11, 2013 executive session meeting. The Court finds that the privilege does apply to these lines. Although the Board members are not discussing legal advice rendered during the March 11, 2013 meeting, they are clearly discussing legal

advice rendered to them previously. This is sufficient to bring these lines within the privilege.

### D

The Board asserts privilege applies to Lines 14-17 of the June 17, 2013 executive session meeting. The Court finds that the privilege applies for the same reason stated in Subsection C, *supra*. The lines in question clearly encompass a discussion of legal advice rendered by counsel on a previous occasion.

### E

The Board asserts privilege applies the complete transcript of the July 15, 2013 executive session meeting. The Court finds that the privilege applies to the complete transcript, as the entire transcript involves a discussion of legal advice provided to the Board by counsel.

### F

The Board asserts privilege applies the complete transcript of the May 27, 2014 executive session meeting. The Court finds that the privilege applies to the complete transcript, as the entire transcript involves a discussion of legal advice provided to the Board by counsel.

### G

The Board has provided the transcript of the February 9, 2015 executive session meeting, but it asserts no privilege related to this transcript. Accordingly, there is no issue for the Court to resolve as it relates to this transcript.

### III

In light of the foregoing, the Court ORDERS that the Board produce the following: 1) the October 9, 2012 transcript with lines 68-70, 155-165, 180, 243-350, 433-505 redacted; 2) the January 28, 2013 transcript in its entirety; 3) the March 11, 2013 transcript with lines 19-23, 29-32 redacted; 4) the June 17, 2013 transcript

with lines 14-17 redacted; and 5) the February 9, 2015 transcript in its entirety. The Court further ORDERS that the Board need not produce, in whole or in part, the July 15, 2013 and May 27, 2014 transcripts. The Board shall comply with the Order on or before August 5, 2015.

*It is so ordered.*

Entered on July 29, 2015

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE